# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN COWAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:15-CV-0744-DGK |
| | ) | Crim. No. 4:11-CR-003-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT**

This case arises out of Movant Steven Cowan's conviction and 85-month prison sentence for being a felon in possession of a firearm. Pending before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Movant contends his base offense level under the Sentencing Guidelines was enhanced in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015), for deeming his conviction for escape a violent felony, therefore his sentence violated his constitutional right to due process.

Finding Movant waived his right to bring this claim in his plea agreement, and that *Johnson* is not retroactive when applied to a Sentencing Guidelines calculation, the Court DENIES the motion. Because there is room for debate on whether *Johnson* is retroactive, however, the Court will issue a certificate of appealability on that issue.

### Background

On January 4, 2011, the grand jury charged Movant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Under § 924(e)(1), the statutory range of punishment was not less than 15 years' imprisonment.

On July 7, 2011, Movant pled guilty to the indictment pursuant to a plea agreement ("the Plea Agreement"). The Plea Agreement was revised to reflect that Movant did not have the requisite three violent felony convictions to qualify as an armed career criminal. Hence, the statutory maximum that could be imposed under the Plea Agreement was 10 years' imprisonment.

As part of the Plea Agreement, Movant waived his appellate and post-conviction rights, except in limited circumstances. The appellate and post-conviction waiver provision stated:

> **15. Waiver of Appellate and Post-Conviction Rights.**
>
> . . .
>
> b. *The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of* (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or *(3) an illegal sentence. An "illegal sentence"* includes a sentence imposed in excess of the statutory maximum, but *does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines*, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

Plea Agreement (Crim. Doc. 40) at ¶15 (emphasis added).

At the outset of the change-of-plea hearing, the Court advised Movant of the charge and the statutory range of punishment. The Government also acknowledged that Movant was not an armed career criminal because one of the offenses relied upon, burglary of a houseboat, would not be considered a violent felony.

During the hearing, Movant acknowledged reading the Plea Agreement and reviewing it with defense counsel, and that he had no questions. He specifically acknowledged the appellate and post-conviction waiver provisions.

On December 2, 2011, the final presentence investigation report ("PSR") was issued. It calculated a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), and applied a three-level reduction for acceptance of responsibility under §§ 3E1.1(a) and (b), yielding a total offense level of 21. However, it determined that Movant was an armed career criminal based on three prior convictions: burglary second degree; attempted escape from custody; and burglary first degree. This resulted in an offense level of 33 under § 4B1.4(b)(3)(B), with a three-level reduction for acceptance of responsibility, and a total offense level 30. The PSR calculated 12 criminal history points, resulting in a criminal history category of V. This yielded a statutory range of punishment of 15 years' to life imprisonment, and a Sentencing Guidelines range of 180 to 188 months' imprisonment. Both the Government and Movant filed objections to the armed career criminal designation and the base offense level utilized in the PSR under § 4B1.4(b)(3)(B).

At Movant's sentencing hearing on February 2, 2012, the Court sustained his objection that he was not an armed career criminal because the burglary of the houseboat did not meet the generic definition of burglary, but the Court denied Movant's objection that escape should not be deemed a violent felony. The latter determination had no effect on the ultimate sentence imposed on Movant since he was not an armed career criminal.

The Court adopted the Sentencing Guidelines calculations in the Plea Agreement, which calculated a base offense of 24 under U.S.S.G. § 2K2.1(a)(2), based on Movant's two prior crimes of violence convictions. After reduction for acceptance of responsibility, this yielded a

total offense level of 21, a criminal history category of V, and an advisory Guidelines range of 70 to 87 months' imprisonment.

After considering the various sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Movant to 85 months' imprisonment.

Movant appealed, arguing that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague. *United States v. Cowan*, 696 F.3d 706, 708 (8th Cir. 2012). The Eighth Circuit denied the claim. *Id.* at 708-09.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. 135 S. Ct. at 2563.

A few months later, on September 23, 2015, Movant filed the pending motion to vacate his conviction under § 2255. In that motion and its amendments, he claims that post-*Johnson* his escape and burglary convictions no longer count as crimes of violence under the Sentencing Guidelines, therefore the sentence imposed on him violates his right to due process.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## Discussion

I. **Movant's claim is procedurally barred and substantively incorrect.**

   A. **The Plea Agreement bars Movant's collateral attack on his sentence.**

As a threshold matter, the Court finds Movant's § 2255 motion is barred by the Plea Agreement's collateral-attack waiver. In the waiver, Movant agreed that he could not

4

collaterally attack his sentence except for three circumstances: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. Movant contends the third exception applies here because the Court counted for Sentencing Guidelines purposes his prior convictions as crimes of violence, thus it resulted in a miscarriage of justice and is illegal because it violated his right to due process.

Although Movant has cloaked his argument in the guise of an illegal sentence, it is still a claim that the Court misapplied the Sentencing Guidelines, which is specifically excluded from the Plea Agreement's definition of an "illegal sentence." Consequently, Movant waived this claim as part of his Plea Agreement, and it is barred.

### B. *Johnson* is not retroactive when applied to the Sentencing Guidelines.

Even if the Plea Agreement did not bar Movant's claim, the Court holds the Eighth Circuit would rule that *Johnson v. United States* is not retroactive when applied to a challenge to a particular Sentencing Guidelines calculation in a post-conviction action. *Richardson v. United States*, 623 F. App'x 841, 842 (8th Cir. 2015); *United States v. Cervantes*, No. 4:11-cr-3099, 2016 WL 715796, at *2 (D. Neb. Feb. 22, 2016) (holding the Eighth Circuit would rule that as applied to a Sentencing Guidelines calculation, *Johnson* would not be a new substantive rule to be applied retroactively).

## II. No evidentiary hearing is required.

Where a motion raises no disputed question of fact, no evidentiary hearing is required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held.

**III.    A certificate of appealability is granted.**

The Court recognizes that reasonable jurists could debate whether the Eighth Circuit would rule that *Johnson* is retroactive when applied to a Guidelines challenge.  *Cervantes*, 2016 WL at 715796, at *3; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Accordingly, the Court will issue a certificate of appealability on its holding in I.B. above.

**Conclusion**

For the reasons discussed above, the motion (Doc. 1) is DENIED but the Court issues a certificate of appealability on one issue.

**IT IS SO ORDERED.**

Date:   June 2, 2016                             /s/ Greg Kays
                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT